[No. 30906. Department One. August 13, 1949.]

COSMO ROCKEY et al., Respondents, v. GLACIER GRAVEL COMPANY et al., Appellants.[1]

BEALS, J., dissents in part.

[1] Reported in 209 P. (2d) 291.

*Eggerman, Rosling & Williams* and *Henry E. Kastner,* for appellant Glacier Gravel Company.

*W. E. Du Puis,* for appellants Heatlox Furnaces, Inc. and MacKeen.

*Army Seijas* and *Solie M. Ringold,* for respondents.

HILL, J.—A truck and an automobile collided in an intersection, and, as the result of the collision, the automobile was thrown against a pedestrian who was crossing the street with a green light and in the crosswalk. There was no suggestion of contributory negligence, and the question before the jury was: Whose negligence was the proximate cause of the collision and the resultant injury to the pedestrian?

The jury decided that the drivers of both the truck and the automobile were negligent and that their negligence was the proximate cause of the collision, and brought in a verdict for the pedestrian against the owner of each vehicle and the driver of the automobile. (The driver of the truck was made a party defendant but was not served.)

On this appeal, the owner and the driver of the automobile contend that they were not guilty of any negligence which was the proximate cause of the pedestrian's injury, and were entitled to a dismissal. The owner of the truck makes the same contention in its own behalf and, in the alternative, asks for a new trial because of erroneous instructions and the admission of certain evidence. The issues raised require a somewhat detailed consideration of the factual situation.

The *locus in quo* is in the city of Seattle at the intersection of First avenue south, a marked multiple-lane, north-south highway sixty-eight feet from curb to curb, with four lanes on each side of the center line; and Lander street, an east-

west street forty-two feet from curb to curb, with twenty-nine feet on both the north and south sides of the street between the street lines and the curb lines, for sidewalks, etc. Traffic signal lights were in operation. Numbered lanes as herein referred to are numbered from the center of the street, lane 1 being closest to the center line, lane 4 being next to the curb.

At the moment at which our narrative begins, the lights facing traffic on First avenue south are red. The automobile, belonging to Heatlox Furnaces, Inc., hereinafter referred to as the Heatlox car, which has been proceeding south on First avenue south, driven by Arnold P. MacKeen, has stopped in the lane nearest the center of that street and at the north line of Lander street, waiting for the signal lights to turn green, with MacKeen making an arm signal denoting his intention of making a left turn.

The pedestrian has been stopped by the red lights, and is at the north curb of Lander street on the east side of First avenue south, waiting for the lights to turn green.

To the south of Lander street on First avenue south, cars are stopped in northbound lanes 1 and 2 in lines extending back half a block or more. They, too, are waiting for the green light on First avenue south before proceeding.

The Glacier Gravel Company's 27,300-pound juggernaut, a truck with a roller mixer carrying two and a half yards of concrete, and somewhat top-heavy, hereinafter referred to as the Glacier truck, is proceeding north in lane 3 or 4 on First avenue south driven by Thomas Kellerhals, who is so regulating its speed that it will arrive at the Lander street intersection after the signal lights turn from red to green, and it is passing cars which are halted in lanes 1 and 2 waiting for the lights to turn green.

The lights controlling traffic on First avenue south turn from red to green, and the action begins.

The pedestrian proceeds south across Lander street in the east crosswalk. The Heatlox car proceeds south into Lander street, makes a left turn, and clears northbound traffic in lanes 1 and 2 on the east side of First avenue south,

which traffic, as we have seen, has been waiting for the same green lights. (The feat of the Heatlox car in crossing the north half of Lander street, a distance of fifty feet (twenty-nine feet measured from the north line of Lander street to the north curb line and twenty-one feet farther to the center of the street), and then clearing two lanes of northbound traffic on First avenue south which had awaited patiently the completion of that maneuver, at a speed at no time in excess of ten miles an hour, is not readily explainable. It must be attributed to the innate courtesy of the drivers in northbound lanes 1 and 2 in yielding the right of way to which they were entitled. That we would like to have seen.)

In northbound lane 3 or 4 is the Glacier truck, which has not stopped and which Kellerhals' precision timing has brought into the intersection after the lights turned green, and here is no restraining influence of innate courtesy. The truck has the right of way, and its progress has been timed to take advantage of it. The truck hits the Heatlox car and knocks it into the northerly half of the east crosswalk, and there it hits the pedestrian.

The appeal of Heatlox Furnaces, Inc., and its driver merits but brief consideration. The Heatlox car made a left turn to the east in the face of oncoming northbound traffic. The driver had a right to make a left turn, but he was obligated

". . . to look out for and give right of way to vehicles approaching in the opposite direction and thereby placed on his right, simultaneously approaching the given point within the intersection, whether such vehicle first enter and reach the intersection or not. . . ." Rem. Rev. Stat., Vol. 7A, § 6360-89 [P.P.C. § 295-29]; Seattle traffic code, ordinance No. 73375, § 68.

That he did not look for and yield the right of way to vehicles on his right is apparent. Whether that negligence was a proximate cause of the pedestrian's injuries was a question for the jury. Resourceful counsel cite no cases holding to the contrary, and we do not believe any can be found.

The judgment against Heatlox Furnaces, Inc., and its driver, Arnold P. MacKeen, is affirmed.

We turn now to the appeal of Glacier Gravel Company and its first contention, that it was entitled to a dismissal because it was not established that its driver was guilty of any negligence which was a proximate cause of the pedestrian's injuries.

It is apparent that the driver of the Glacier truck had the right of way, and that there was nothing reprehensible in his synchronizing his speed and the traffic lights in such a way as to avoid stops with his ponderous machine. He also had a right to assume that the driver of the Heatlox car would accord him the right of way to which he was entitled, until such time as he knew or should have known to the contrary. The driver of the Glacier truck did not see the Heatlox car until practically the instant of impact. It is urged that the traffic in lanes 1 and 2, to his left, made it impossible for him to see the approaching Heatlox car.

■■ But for the fact that the driver of the Heatlox car was negligent in failing to yield the right of way, no negligence would be attributed to the driver of the Glacier truck. Being on a multiple-lane highway, the Glacier driver was entitled to pass the traffic on his left in lanes 1 and 2 (and instruction No. 9, stating that any person driving a vehicle and overtaking another shall pass to the left of the overtaken vehicle, was inapplicable to a multiple-lane highway and was prejudicially erroneous, and would entitle Glacier to a new trial in any event); he was traveling at a lawful speed, and he had the right of way. The negligence of the Glacier driver, if any, must be attributable to the fact that he did not observe the negligent operation of the Heatlox car in sufficient time to avoid a collision with it.

On cross-examination, an attempt was made to show that the seat of the Glacier truck was high enough to have enabled the driver to see across the two lines of traffic, but the attempt was unsuccessful. The contention that the Glacier driver could or should have seen the Heatlox car in time to avoid the collision, in the light of the failure of the Heatlox driver to yield the right of way, is essentially an

effort to apply the doctrine of last clear chance. Passing the question as to whether that doctrine is available to a person in the position of the respondents, as to which we have grave doubt, any consideration of the time between which the driver of the Glacier truck might have seen the Heatlox car and the moment of impact would show that the Glacier driver had only a possible, and not a last clear, chance to avoid the collision.

We are of the opinion that there was not sufficient evidence to take the issue of the negligence of Glacier Gravel Company to the jury, and the cause will be remanded with instructions to grant that company's motion for a judgment notwithstanding the verdict of the jury.

As previously indicated, the judgment against Heatlox Furnaces, Inc., and Arnold P. MacKeen is affirmed.

Glacier Gravel Company will recover its costs on this appeal from the respondents, and the respondents will in turn recover their costs from Heatlox Furnaces, Inc., and Arnold P. MacKeen (but not including whatever costs respondents pay to Glacier Gravel Company).

JEFFERS, STEINERT, and MALLERY, JJ., concur.

BEALS, J. (concurring in part and dissenting in part)—I concur with the majority in the affirmance of the judgment against Heatlox Furnaces, Inc., and Arnold P. MacKeen.

I dissent from the conclusion reached by the majority that the judgment against appellant Glacier Gravel Company should be reversed, and the cause remanded with instructions to grant that appellant's motion for judgment in its favor notwithstanding the verdict of the jury.

In my opinion, the judgment against this appellant should be reversed because of errors disclosed by the record, and the cause remanded for a new trial against the appellant Glacier Gravel Company.

September 22, 1949. Petition for rehearing denied.